**MINN–DAK FARMERS COOPERATIVE, EMPLOYEES ORGANIZATION aka American Federation of Grain Millers, Local 405, Plaintiff–Appellant,**

v.

**MINN–DAK FARMERS COOPERATIVE, Defendant–Appellee.**

No. 92–2983.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1993.

Decided Sept. 2, 1993.

Richard Helfand, Kansas City, MO, argued (Shari Miller, on the brief), for plaintiff-appellant.

James C. Ohly, Minneapolis, MN, argued (John McGirl, Jr., on the brief), for defendant-appellee.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Minn–Dak Farmers Cooperative Employees Organization, a/k/a American Federation of Grain Millers, Local 405, appeals from a district court order dismissing its declaratory judgment action against Minn–Dak Farmers Cooperative, and holding that the Cooperative is not required to recognize the affiliation vote of the employee association because a majority of the membership did not vote in favor of affiliation as required by the association's constitution and bylaws. We conclude that the district court lacked subject matter jurisdiction and, therefore, affirm the dismissal on different grounds.

Minn–Dak Farmers Cooperative is a cooperative association which manufactures and processes sugar and related by-products from sugar beets, and the Minn–Dak Farmers Cooperative Employees Organization[1] is the sole collective bargaining agent for its employees.

On August 22, 1991, the Association held a meeting to vote on whether it should affiliate with the American Federation of Grain Millers, AFL–CIO, CLC. There are 282 members of the Association; 103 members voted in favor of affiliation, 78 voted against, and 101 members did not vote. The bylaws state that a proposal to affiliate with other organizations must be "approved by a majority vote of Association members...." The Association concluded that the August 22 vote was a valid affiliation vote because a majority of members who voted were in favor of the affiliation.

On August 23, 1991, the Association informed Larry Steward, the Cooperatives' president, that the members of the Association voted to affiliate with the American Federation of Grain Millers. Mr. Steward refused to recognize the affiliation vote. Mr. Steward explained that the Cooperative did not recognize the affiliation because a majority of the Association membership did not vote in favor of affiliation as required by the Association's bylaws.

The Association filed a declaratory judgment action seeking a declaration that the affiliation vote was valid, and the Cooperative filed a motion to dismiss for lack of jurisdiction. The Cooperative argued that the district court lacked subject matter jurisdiction because the case presented a question of representation under 29 U.S.C. § 159 (1988), and did not allege a violation of a collective bargaining agreement which would provide jurisdiction under 29 U.S.C. § 185 (1988). The Cooperative further argued that because the case was a representation case, the National Labor Relations Board had exclusive jurisdiction, and that even if the NLRB and the district court had concurrent jurisdiction,[2] the district court should decline to exercise jurisdiction.

The district court did not decide the jurisdictional issue; instead, it dismissed the action on the merits, holding that the Cooperative was not required to recognize the affiliation vote because the members who voted in favor of affiliation did not constitute a majority of the entire membership. *Minn–Dak Farmers Coop. Employees Ass'n v. Minn–Dak Farmers Coop.*, No. A3–91–192, slip op.

---

1. We will refer to this employee organization as the Association.

2. On January 10, 1992, the American Federation of Grain Millers and its Local Union 405 filed an unfair labor practice charge with the National Labor Relations Board. The charge alleges that on August 22, 1991, the Association voted to affiliate with the Grain Millers and change its name to Local Union No. 405, and that the Cooperative has refused to recognize or bargain with the Grain Millers and its Local Union No. 405.

at 1, 3 (D.N.D. July 28, 1992). The Association appeals.

Although the Cooperative did not brief the question of subject matter jurisdiction on appeal, as a preliminary matter, we must decide whether we have such jurisdiction. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–80, 101 S.Ct. 669, 676–77, 66 L.Ed.2d 571 (1981); *Arkansas Peace Center v. Arkansas Dep't of Pollution Control & Ecology,* 999 F.2d 1212, 1218 (8th Cir.1993). We conclude that we do not. The National Labor Relations Board has exclusive jurisdiction to decide questions concerning representation. 29 U.S.C. § 159; *International Bhd. of Elec. Workers v. Iowa Elec. Light & Power Co.,* 668 F.2d 413, 416 (8th Cir.1982) ("a dispute over a representational matter is a situation calling for a denial of district court jurisdiction"). Contrary to the Association's position, this action is not based on a violation of a collective bargaining agreement which would provide jurisdiction under section 185. The Association's complaint does not allege a violation of a collective bargaining agreement. The Association alleges that the Cooperative refused to recognize a valid affiliation vote, and seeks a declaration that the affiliation vote of August 22 was valid. This case presents a pure question of representation, and is within the exclusive jurisdiction of the NLRB. *Id.* at 420; *Allied Workers, Local 682 v. Bussen Quarries, Inc.,* 849 F.2d 1123, 1125 (8th Cir.1988) (section 9 of the National Labor Relations Act rests jurisdiction in the NLRB to determine questions of representation).

We conclude that we lack jurisdiction, and therefore, affirm the district court's dismissal of this action.